**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4292**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

RATHDAPHONE VONGDEUANE,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:14-cr-00400-HMH-9)

Submitted: November 22, 2016      Decided: November 29, 2016

Before DIAZ and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Arthur Brown, Jr., LAW OFFICES OF JIM BROWN, PA, Beaufort, South Carolina, for Appellant. Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rathdaphone Vongdeuane pled guilty, pursuant to a plea agreement, to conspiracy to distribute heroin and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2012). The district court imposed the statutory minimum sentence of 60 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Vongdeuane's sentencing counsel was ineffective for failing to offer evidence in support of an objection to the application of U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2013). Vongdeuane filed a supplemental pro se brief which also questions whether sentencing counsel was ineffective. We affirm.

A defendant may raise a claim of ineffective assistance of counsel on direct appeal only if it conclusively appears from the record that counsel did not provide effective assistance. United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014). Absent such a showing, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Here, the record does not conclusively show that counsel provided ineffective assistance; thus, the claim is properly raised, if at all, in a § 2255 motion rather than on direct appeal.

2

Pursuant to Anders, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Vongdeuane, in writing, of the right to petition the Supreme Court of the United States for further review. If Vongdeuane requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vongdeuane. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED